UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYKE JONATHAN CUX JOCOP,<br>Petitioner,<br>v.<br>SERGIO ALBARRAN, et al.,<br>Respondents. | Case No. 25-cv-09059-JD<br><br>**ORDER RE TEMPORARY RESTRAINING ORDER** |

Petitioner Myke Jonathan Cux Jocop, a citizen of Guatemala, is currently in civil immigration detention in San Francisco, California. He filed a petition for a writ of habeas corpus and an application for a temporary restraining order for release from detention pending a hearing on whether detention is warranted by concerns of flight risk or danger to the community. *See* Dkt. No. 1 (petition); Dkt. No. 3 (TRO). Respondents are Sergio Albarran, Field Office Director of the San Francisco Immigration and Customs Enforcement (ICE) Office; Todd Lyons, Acting Director of ICE; Kristi Noem, Secretary of the U.S. Department of Homeland Security; and Pam Bondi, U.S. Attorney General, all named in their official capacities.

Cux Jocop alleges that he is an asylum seeker who first fled from Guatemala to the United States in 2008. Dkt. No. 1 ¶¶ 19-20. He was detained at the border and removed on an expedited removal order. *Id.* ¶ 20. Cux Jocop re-entered shortly thereafter and lived in the United States until 2013, when his removal order was reinstated and he was deported to Guatemala. *Id.* He re-entered the United States again in 2014 and was detained in March 2020. *Id.* ¶¶ 20-21. After Cux Jocop claimed fear of prosecution in Guatemala, an asylum officer referred his case to Immigration Court for further proceedings. *Id.* ¶ 21. Cux Jocop submitted an asylum application, which is still pending. *Id.* ¶¶ 21-23.

Cux Jocop was released from immigration custody in June 2020 after his bail application was granted as part of a class action challenging immigration detention conditions during the

COVID-19 pandemic. *Zepeda Rivas v. Jennings*, No. 20-cv-02731, Dkt. No. 375 (N.D. Cal. June 15, 2020). Cux Jocop alleges that he has complied with all bail order and ICE obligations since his release. Dkt. No. 1 ¶ 26. On October 21, 2025, he appeared for his yearly check-in at the San Francisco ICE office. Dkt. No. 3-2 ¶ 22. ICE agents arrested Cux Jocop without an adjudicative proceeding. Dkt. No. 1 ¶ 29.

The TRO application was styled as an ex parte request, but respondents were given notice by Cux Jocop's counsel via a phone call and emails, Dkt. No. 3-3, and have filed an appearance, Dkt. No. 5. Consequently, "the same legal standard as a motion for a preliminary injunction applies." *Fang v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 16-CV-06071-JD, 2016 WL 9275454, at *1 (N.D. Cal. Nov. 10, 2016), *aff'd*, 694 F. App'x 561 (9th Cir. 2017). Under these familiar standards, a preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20. The irreparable harm must be "*likely* in the absence of an injunction" and not merely possible, no matter how strong the likelihood that plaintiffs will prevail on the merits. *Id.* at 21-22 (emphasis in original).

In our circuit, it is well established that a preliminary injunction may also be issued where "the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.'" *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citation omitted). Our circuit held after careful consideration that "the 'serious questions' approach survives *Winter* when applied as part of the four-element *Winter* test." *Id.* at 1131-32; *see also id.* at 1134 (affirming "the longstanding discretion of a district judge to preserve the *status quo* with provisional relief until the merits could be sorted out in cases where clear irreparable injury would otherwise result and at least 'serious questions' going to the merits are raised") (quoting *Save Strawberry Canyon v. Dep't of Energy*, No. C 08-03494 WHA, 2009 WL 1098888, at *1-3 (N.D. Cal. Apr. 22, 2009)). Our circuit has continued to apply this test. *See, e.g., hiQ Labs, Inc. v. LinkedIn Corporation*, 31 F.4th 1180, 1191 (9th Cir.

2022) (finding that "hiQ has raised 'serious questions going to the merits'" and affirming the district court's grant of a preliminary injunction) (citation omitted); *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1177 (9th Cir. 2021) ("[T]he sliding scale test 'remains viable after the Supreme Court's decision in *Winter.*'") (citation omitted).

The Due Process Clause of the Fifth Amendment guarantees that the government may not deprive any person of liberty without due process of law. *See* U.S. Const. amend. V. "Freedom from imprisonment -- from government custody, detention, or other forms of physical constraint -- lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001) (citation omitted). The guarantee applies in full force to "all 'persons' in the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent," and to "an alien subject to a final deportation order." *Id*. at 693 (citation omitted). The due process required by the Fifth Amendment typically entails a pre-deprivation hearing. *See Zinermon v. Burch*, 494 U.S. 113, 127 (1990) ("the Constitution requires some kind of hearing *before* the State deprives a person of liberty or property" (emphasis in original)).

The Court has granted temporary injunctive relief on these grounds in other cases like this one. *See Caicedo Hinestroza et al. v. Kaiser et al.*, 25-cv-07559-JD, Dkt. No. 8 (N.D. Cal. Sept. 9, 2025). There is no good reason to reach a different conclusion here. The allegations in the petition raise a serious question with respect to whether the detention of Cux Jocop complies with the Due Process Clause and traditional notions of procedural fairness. *See Matthews v. Eldridge*, 424 U.S. 319, 335 (1976). For the other factors of injunctive relief, there is no question that Cux Jocop is experiencing immediate and irreparable harm from detention. *See Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017) (noting "the irreparable harms imposed on anyone subject to immigration detention"). In addition, the public interest in due process weighs in his favor. *See Preminger v. Principi*, 422 F.3d 815, 826 (9th Cir. 2005).

Consequently, a TRO is granted on the ensuing terms:

(1) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are ordered to immediately release from custody petitioner Myke Jonathan Cux Jocop.

3

(2) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are enjoined from detaining petitioner Myke Jonathan Cux Jocop without a pre-detention hearing before a neutral decisionmaker.

(3) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are enjoined from transferring petitioner Myke Jonathan Cux Jocop out of the District without the Court's prior approval.

(4) Respondents will show cause in writing by October 30, 2025, why a preliminary injunction should not be entered. Petitioners may file a response by November 3, 2025. A hearing on the order to show cause is set for November 6, 2025, at 10:00 a.m. in Courtroom 11.

There is no realistic likelihood of harm to respondents from enjoining their conduct, and so Cux Jocop need not give security under Federal Rule of Civil Procedure 65(c). *See Jorgensen v. Cassiday*, 320 F.3d 906, 919-20 (9th Cir. 2003); *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999).

**IT IS SO ORDERED.**

Dated: October 23, 2025

JAMES DONATO
United States District Judge