UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYKE JONATHAN CUX JOCOP, <br> Plaintiff, <br> v. <br> SERGIO ALBARRAN, et al., <br> Defendants. | Case No. 25-cv-09059-JD <br><br> **ORDER RE PRELIMINARY INJUNCTION** |

Petitioner Myke Jonathan Cux Jocop filed a petition for a writ of habeas corpus against respondents Sergio Albarran, Field Office Director of the San Francisco Immigration and Customs Enforcement (ICE) Office; Todd Lyons, Acting Director of ICE; Kristi Noem, Secretary of the U.S. Department of Homeland Security; and Pam Bondi, U.S. Attorney General, all named in their official capacities. *See* Dkt. No. 1. Cux Jocop filed an application for a temporary restraining order for release from detention, Dkt. No. 3, which the Court granted, Dkt. No. 6. He ask for a preliminary injunction, Dkt. No. 3, which the parties fully briefed, Dkt. Nos. 7, 8. The parties' familiarity with the record is assumed and an injunction is granted.

The salient facts are undisputed, and the government has not indicated that any material facts have changed since the TRO was granted. Cux Jocop has raised a serious legal question, and demonstrated a likelihood of success, with respect to the merits of whether he may be detained in the circumstances presented here, and has also made a sufficient showing on the other factors that the Court considers when granting a preliminary injunction. *See Am. Fed'n of Gov't Emps., AFL-CIO v. Trump*, No. 25-CV-03070-JD, 2025 WL 1755442, at *8 (N.D. Cal. June 24, 2025) (citing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)); Dkt. No. 6.

The government's legal contentions do not present good reason to depart from the Court's reasoning and discussion about the necessity of a pre-detention hearing, Dkt. No. 6, which is incorporated here. The settlement agreement that originally released Cux Jocop did not waive due process. *See Zepeda Rivas et al. v. Jennings et al.*, 20-cv-02731-VC, Dkt. No. 1205-1 at 13 (at the

end of a three-year period, class members may be re-detained "pursuant to generally applicable law and policy"). The statutory provisions respondents seek to rely upon to detain Cux Jocop do not trump or otherwise displace the due process commands of the Fifth Amendment, as discussed in the order granting the TRO. *See* Dkt. No. 6 at 3.

Consequently, a preliminary injunction is granted on the ensuing terms. If circumstances change materially, the government may request a modification of the injunction.

(1) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are enjoined from detaining petitioner Myke Jonathan Cux Jocop without a pre-detention hearing before a neutral decisionmaker.

(2) Respondents, and their officers, agents, employees, attorneys, and any person acting in concert with them, or at their behest, and who has knowledge of this injunction, are enjoined from transferring petitioner Myke Jonathan Cux Jocop out of the District without the Court's prior approval.

There is no realistic likelihood of harm to respondents from enjoining their conduct, and so Cux Jocop need not give security under Federal Rule of Civil Procedure 65(c). *See Jorgensen v. Cassiday*, 320 F.3d 906, 919-20 (9th Cir. 2003); *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999).

The parties are directed to jointly propose by November 28, 2025, a briefing schedule on the petition for a writ of habeas corpus.

**IT IS SO ORDERED.**

Dated: November 7, 2025

JAMES DONATO
United States District Judge

2